IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MATTHEW WHITFIELD,

    Plaintiff,

    v.

WHITING PETROLEUM CORP.,
KEVIN S. MCCARTHY, JANET L.
CARRIG, SUSAN M. CUNNINGHAM,
PAUL J. KORUS, LYNN A. PETERSON,
DANIEL J. RICE, and ANNE TAYLOR,

    Defendants.

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS
AND JURY DEMAND**

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On March 7, 2022, Whiting Petroleum Corp. ("Whiting" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Oasis Petroleum Inc. ("Oasis"), Ohm Merger Sub Inc. ("Merger Sub"), and New Ohm LLC ("LLC Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Whiting's stockholders will receive 0.5774 shares of Oasis common stock and $6.25 in cash per share.

3. On April 28, 2022, defendants filed a registration statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4.       As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.       This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.       This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.       Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8.       Plaintiff is and has been continuously throughout all relevant times the owner of Whiting common stock.

9.       Defendant Whiting is a Delaware corporation.  The Company's principal executive offices are located at 1700 Lincoln Street, Suite 4700, Denver, CO 80203.  Whiting's common stock is traded on the New York Stock Exchange under the ticker symbol "WLL."

10.      Defendant Kevin S. McCarthy is Chairperson of the Board of Directors of Whiting (the "Board").

11.      Defendant Janet L. Carrig is a member of the Board.

12.      Defendant Susan M. Cunningham is a member of the Board.

13. Defendant Paul J. Korus is a member of the Board.

14. Defendant Lynn A. Peterson is a member of the Board.

15. Defendant Daniel J. Rice is a member of the Board.

16. Defendant Anne Taylor is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Whiting is an independent oil and gas company engaged in the development, production and acquisition of crude oil, NGLs and natural gas primarily in the Rocky Mountains region of the United States.

19. The Company's largest projects are in the Bakken and Three Forks plays in North Dakota and Montana.

20. On March 7, 2022, Whiting entered into the Merger Agreement.

21. The press release announcing the Proposed Merger provides as follows:

Whiting Petroleum Corporation (NYSE: WLL) ("Whiting") and Oasis Petroleum Inc. (NASDAQ: OAS) ("Oasis") today announced they have entered into an agreement to combine in a merger of equals transaction. The combined company will have a premier Williston Basin position with top tier assets across approximately 972K net acres, combined production of 167.8 thousand boepd, significant scale and enhanced free cash flow generation to return capital to shareholders.

Under the terms of the agreement, Whiting shareholders will receive 0.5774 shares of Oasis common stock and $6.25 in cash for each share of Whiting common stock owned. In connection with the closing of the transaction, Oasis shareholders will receive a special dividend of $15.00 per share. The combined company will have an enterprise value of ~$6.0B based on the exchange ratio and the closing share prices for Whiting and Oasis as of March 4, 2022. Upon completion of the transaction, Whiting shareholders will own approximately 53% and Oasis shareholders will own approximately 47% of the combined company on a fully diluted basis.

3

Upon closing, Whiting's President and CEO, Lynn Peterson, will serve as Executive Chair of the Board of Directors of the combined company. Oasis' CEO, Danny Brown, will serve as President and Chief Executive Officer and as a member of the Board. The combined company will be headquartered in Houston upon closing but will retain the Denver office for the foreseeable future. The combined company will operate under a new name and is expected to trade on the NASDAQ under a new ticker to be announced prior to closing.

"The combination will bring together two excellent operators with complementary and high-quality assets to create a leader in the Williston Basin, poised for significant and resilient cash flow generation," said Mr. Brown. "Over the last year, both companies have executed a series of deliberate strategic transactions, reducing costs and establishing a leading framework for ESG and return of capital. The combination of the two companies, together with the ongoing momentum from these strategic actions, will accelerate our efforts and ideally position the combined company to generate strong free cash flow, execute a focused strategy and enhance the return of capital."

Mr. Peterson added, "We are bringing together two like-minded companies and cultures through a merger-of-equals transaction. Both organizations have outstanding talent and operational practices that we are excited to integrate to create an even stronger combined company. This is also an exciting and very positive development for the communities in which we operate and the great states of North Dakota and Montana. We look forward to unlocking the enormous potential of our assets and organizations for the benefit of our stakeholders."

**Combined Company Positioned to Succeed in Dynamic E&P Environment**

**Premier Williston Basin Position with Enhanced Scale and Top Tier Assets**. The combined company will be positioned as a premier operator in the Williston Basin, combining high quality assets with low breakeven pricing operated by an experienced team. The combined company expects to produce 164-169 Mboe/d in 2022.

**Accretive to Financial Metrics**. The transaction is expected to be accretive to key per-share metrics, including: E&P cash flow, E&P free cash flow, return of capital and net asset value. The combination is also expected to enhance the combined company's credit profile and cost of capital, as it will have enhanced scale and stronger cash flow while maintaining an attractive balance sheet with expected net debt to EBITDAX of ~0.2x at close.

**Enhances Sustainable Free Cash Flow Profile**. The combined company is expected to generate significant free cash flow from its high-quality assets and disciplined capital spending across a wide range of commodity price scenarios. The combined company expects approximately $1.2B of free cash flow and a

reinvestment rate below 40% in 2022 at $85/bbl WTI and $3.50/MMBtu NYMEX gas.

**Commitment to Enhanced Capital Return Program through Base Plus Variable Dividend Strategy and Share Repurchases**. Shareholder returns will be central to the strategy of the combined company. During the second half of 2022, the combined company will target a return of capital program representing 60% of free cash flow. The combined company is expected to increase its aggregate base dividend at close to ~$25MM per quarter, or $0.585 per share, using variable dividends and share repurchases to return the full targeted amount. Both companies will continue their respective formally announced programs before the transaction closes. The combined company board is expected to establish a formal long-term return of capital program after close. Given the strong assets, significant free cash flow generation, capital discipline and excellent financial position of the organization, this program is expected to provide meaningful returns of capital to shareholders.

**Delivers Significant Cost Saving and Operational Synergy Opportunity**. Whiting and Oasis shareholders will each benefit from the significant upside potential created from identified administrative and operational cost synergies of $65MM on an annual basis by the second half of 2023. Both companies are industry leaders in operational excellence and will combine best practices to further advance efficiencies across operating expenses and capital expenditures.

**Strong Financial Position and Relatively Unlevered Balance Sheet at Close**. The combined company will have a peer-leading balance sheet with expected leverage of ~0.2x at close, including the impact of the merger consideration and special dividend. Additionally, the combined company expects to have minimal borrowings under its $900MM borrowing base, resulting in strong liquidity at close. The balance sheet is further bolstered by no near-term maturities.

**Continued ESG Commitment**. Together, the combined company will continue Whiting's and Oasis' existing ESG efforts, including applying best practices across both companies related to safety, gas capture and emissions reduction.

**Governance and Leadership**

Upon closing, the Board of Directors of the combined company will consist of ten directors, comprising four independent directors from the current Whiting Board, as well as Mr. Peterson, and four independent directors from the current Oasis Board, along with Mr. Brown.

The remainder of the company's leadership team includes Michael Lou, Oasis' CFO, Chip Rimer, Whiting's COO and Scott Regan, Whiting's GC, who will serve in their respective capacities in the combined company.

**Timing and Approvals**

The transaction, which is expected to close in the second half of 2022, has been unanimously approved by the boards of directors of both companies. The closing of the transaction is subject to customary closing conditions, including, among others, approval by Whiting and Oasis shareholders.

**Advisors**

Citi is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to Whiting. Tudor, Pickering, Holt & Co. and RBC Capital Markets LLC are serving as financial advisors and Vinson & Elkins LLP is serving as legal advisor to Oasis.

22. On April 28, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

23. The Registration Statement fails to disclose material information regarding the Company's and Oasis' financial projections, specifically: (i) the line items underlying the financial projections; and (ii) net income.

24. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

25. The Registration Statement omits material information regarding the financial analyses conducted by Citi. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

26. Regarding Citi's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies utilized by Citi.

27. Regarding Citi's Net Asset Value Analyses, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the discount rates utilized by Citi; (ii) the free cash flows utilized by Citi; and (iii) the taxes and net debt utilized by Citi.

28. Regarding Citi's price target analyses, the Registration Statement fails to disclose: (i) the price targets utilized by Citi; and (ii) the sources of the price targets utilized by Citi.

<u>Banker Engagement</u>

29. The Registration Statement fails to disclose the fees received by Citi for the prior services it performed for Whiting.

<u>Background of the Proposed Merger</u>

30. The Registration Statement fails to disclose whether Whiting entered into any NDAs containing don't ask, don't waive provisions.

31. The Registration Statement fails to disclose the timing and details of all discussions regarding post-Proposed Merger employment.

**COUNT I**

**Claim Against the Individual Defendants and Whiting for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. Whiting is liable as the issuer of these statements.

35. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

36. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of Whiting within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of Whiting and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51.     Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.      In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: June 8, 2022 | **RIGRODSKY LAW, P.A.** |
| | By:  */s/ Gina M. Serra* |
| **OF COUNSEL:** | Gina M. Serra |
| | 825 East Gate Boulevard, Suite 300 |
| **GRABAR LAW OFFICE** | Garden City, NY 11530 |
| Joshua H. Grabar | Telephone: (516) 683-3516 |
| One Liberty Place | Email: gms@rl-legal.com |
| 1650 Market Street, Suite 3600 | |
| Philadelphia, PA 19103 | *Attorneys for Plaintiff* |
| 267-507-6085 | |
| jgrabar@grabarlaw.com | |

11